UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

LAWRENCE FELTZIN, Individually,                    :
                                                   :
                    Plaintiff,                     :
                                                   :
                                                   :   Case No. 2:16-cv-5341
vs.                                                :
                                                   :
SHAHERISON REALTY CO., L.L.C., a New               :
York Limited Liability Company,                    :
                                                   :
                    Defendant.                     :
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, LAWRENCE FELTZIN, Individually, on his behalf and on behalf of all other

individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant,

SHAHERISON REALTY CO., L.L.C., a New York Limited Liability Company (sometimes

referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and

costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

        1.      Plaintiff, Lawrence Feltzin, is an individual residing in Boynton Beach, Florida,

in the County of Palm Beach.

        2.      Defendant's property, Wantagh Commons, a shopping center, is located at 1911-

1929 Wantagh Avenue, NY 11793, in the County of Nassau.

        3.      Venue is properly located in the Eastern District of New York because venue lies

in the judicial district of the property situs.   The Defendant's property is located in and does

business within this judicial district.

        4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. §2201 and §2202.

5.      Plaintiff, Lawrence Feltzin is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Feltzin is a paraplegic, and uses a wheelchair to ambulate.

6.      Lawrence Feltzin has visited the property which forms the basis of this lawsuit. Mr. Feltzin is originally from Nassau County and regularly visits the area near Defendant's shopping center to visit friends, enjoy restaurants and other retail establishments. While visiting the property, the Plaintiff encountered architectural barriers at the subject property, which impaired Mr. Feltzin's ability to park safely at the premises, to access the premises safely, to use restrooms safely, and to access goods and services at the premises.

7.      Mr. Feltzin plans to return to the property once the barriers to access are corrected and the facility becomes fully accessible, so that Mr. Feltzin may avail himself of the goods and services offered to the public at the property.

8.      Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to, is a shopping center known as Wantagh Commons, and is located at 1911-1929 Wantagh Avenue, Wantagh, NY 11793, in the County of Nassau.

9.      Lawrence Feltzin has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination

in violation of the ADA by the Defendant.  Mr. Feltzin travels to New York to visit with friends and family who reside in New York.  Lawrence Feltzin desires to visit the Northgate Shopping Center not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.    The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the Wantagh Commons has shown that violations exist.  These violations that Mr. Feltzin has personally observed or encountered include, but are not limited to:

**Parking and Exterior Accessible Route**

    a) Parking spaces throughout Wantagh Commons are not maintained; lack compliant access aisles, contain slopes and abrupt changes of level within the spaces, violating Sections 502 and 502.4 of the 2010 Accessibility Standards.  These conditions prevent Mr. Feltzin and those in wheelchairs to unload from their vehicles freely and safely.

    b) Curb ramps provided to access stores at Wantagh Commons are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps contain abrupt changes of level, contain cross slopes and slopes beyond the limits, violating Sections 406 and 502.7 of the 2010 Accessibility Standards.

    c) The exterior accessible route from parking spaces at Wantagh Commons fails to lead to ramps or curb ramps, violating Section 402 of the 2010 Accessibility Standards.

    d) Wantagh Commons fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards.

**Access to Goods and Services**

e) Oregano Joe's and Kyoudai Hibachi fail to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 Accessibility Standards.

f) Payment counters throughout Wantagh Commons are mounted beyond the reach of Mr. Feltzin and others in wheelchairs, violating Sections 308 and 904 of the 2010 Accessibility Standards.

g) Entering tenants at Wantagh Commons is impeded by slopes greater than 2.0%, violating Section 404 of the 2010 Accessibility Standards.

**Restrooms**

h) Restrooms at Wantagh Commons including Oregano Joe's and Kyoudai Hibachi were reported to be unsafe for use by the plaintiff. Inspection revealed Mr. Feltzin was unable to use the restrooms safely due to a lack of accessibility.  Including, inaccessible water closets which lack proper controls and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards.

i) Restrooms at Wantagh Commons provide dispensers beyond reach of wheelchair users and are inaccessible to the plaintiff, violating Section 308 of the 2010 Accessibility Standards.

j) Lavatories at Oregano Joe's and Kyoudai Hibachi lack knee clearance and accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 the 2010 Accessibility Standards.

k) Oregano Joe's and Kyoudai Hibachi provide restrooms that contain improper centerlines for the water closets and flush controls mounted on the wall side, violating Section 604 of the 2010 Accessibility Standards.

l) Entering restrooms throughout the Wantagh Commons is impeded by improper door hardware and a lack of maneuvering space to enter, violating Section 404 of the 2010 Accessibility Standards.

12.     The foregoing violations also violate the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

13.     The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts

violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

16.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28

CFR 36.505.

17.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

18.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

19.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Wantagh Commons to make the facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

    **WHEREFORE,** Plaintiff respectfully requests:

    a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.  Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.Respectfully submitted,

Dated: ___9 / 16___, 2016

_____
Asaad K. Siddiqi, Esq. (AS-9150)
McCusker, Anselmi, Rosen, & Carvelli, P.C.
210 Park Avenue, Suite 301
Florham Park, NJ 07932
973-635-6300 - direct dial
asiddiqi@marc.law

Lawrence A. Fuller, Esq. (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com

Counsel for Plaintiff Lawrence Feltzin